02-11-264-CR








 




 
 
 
 
 
  
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
 
 




 

 

NO. 02-11-00264-CR 

 

 




 
 
 EDDIE PETERSON, JR.
 
 
  
 
 
 APPELLANT
 
 




                                                                                                                             

V.

 




 
 
 THE
 STATE OF TEXAS
 
 
  
 
 
 STATE
 
 




 

 

------------

FROM THE 362ND DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION[1]

------------

I.  Introduction

In one point, Appellant Eddie
Peterson, Jr. appeals his twenty-five-year sentence for failing to register as
a sex offender.  We affirm.

II.  Background

Peterson was indicted for failing to
register as a sex offender, made an open plea of guilty, pleaded true to two
enhancement paragraphs, and received a twenty-five year sentence.  Peterson’s
appellate counsel then filed a motion for new trial.  In the affidavit attached
to the motion for new trial, Peterson stated that he believed that his first
attorney had negotiated a two-year plea bargain, that his second attorney did
not keep him advised of the status of his case or effectively represent him,
and that because of the ineffective assistance of his second attorney, he
received “a lot more time.”  The trial court denied the motion.  This appeal
followed.

III.  Discussion

In his single point, Peterson argues
that the trial court violated his federal and state constitutional rights to a
fair trial by improperly overruling his motion for new trial based on ineffective
assistance of counsel.

A.  Standard of Review

We review the denial of a motion for
new trial for an abuse of discretion.  Ahmad v. State, 295 S.W.3d 731,
739 (Tex. App.—Fort Worth 2009, pet. ref’d) (op. on reh’g); see also Frangias
v. State, No. 14-10-01090-CR, 2012 WL 1356704, at *4 (Tex. App.—Houston
[14th Dist.] Apr. 19, 2012, no. pet. h.) (addressing denial of motion for new
trial based on allegation of ineffective assistance of counsel).  To establish
ineffective assistance of counsel in a guilty plea case, the appellant must
show by a preponderance of the evidence that his counsel’s representation fell
below the standard of prevailing professional norms and that there is a
reasonable probability that, but for counsel’s deficiency, the appellant would
not have entered his plea and would have insisted on proceeding to trial. See
Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064
(1984); Ex parte Niswanger, 335 S.W.3d 611, 614–15 (Tex. Crim. App.
2011).

B.  Record

As noted at the new trial hearing,
the record is full of “pass slips.”  Peterson was indicted in December 2008,
and many of the pass slips merely indicate the continuation of the case, starting
with January 15, 2009.

On April 16, 2009, the State initially
recommended two years’ confinement in exchange for a guilty plea.  But by July
29, 2009, the State had filed notice of its intention to enhance the punishment
range from a third degree felony to a first degree felony with a minimum
sentence of twenty-five years, using Peterson’s prior convictions for
aggravated robbery and robbery with a dangerous weapon.  The November 19, 2009
pass slip reflects “No offer—Needs trial date.”  Peterson’s original counsel
did not file his motion to withdraw until December 3, 2009.  The trial court
granted the motion, and the next two pass slips, dated February 19, 2010, and
March 15, 2010, reflect “25 yr TDC.”

Peterson retained new counsel, who
appeared with him at the May 14, 2010 case setting.  The May 14 case setting was
originally for the trial court to hear Peterson’s open plea of guilty and to
assess punishment, but at that time, Peterson informed the trial court that he
wanted to exercise his right to a jury trial for both guilt-innocence and
punishment phases of trial.  The trial court, Peterson’s new counsel, and Peterson
then had an extensive discussion regarding the punishment range for the third
degree felony and the offense as enhanced with two prior felonies, as well as
the difference between what the jury could do and the judge could do with regard
to community supervision.

The August 27, 2010; January 18, 2011;
January 31, 2011; and March 3, 2011 pass slips reflect that the case was subsequently
continued for an open plea.

At the plea hearing on March 4, 2011,
the trial court again explained the punishment range to Peterson and asked
Peterson if he understood the punishment range.  Peterson said that he did.  After
being admonished, Peterson made his open plea of guilty to failing to register
as a sex offender and pleaded true to the two enhancement allegations.  Peterson
also signed the written admonishments with regard to his plea and signed a
judicial confession.

The trial court went back over the
open plea of guilty with Peterson and reviewed with him that he could be
sentenced from twenty-five years to life or to community supervision and
reminded him that the probation department would prepare a presentence
investigation report before his sentencing.  Peterson agreed that the trial
court had previously admonished him and explained to him the consequences of a
guilty plea “in some detail,” that he was satisfied with the answers he
received, and that he had been given a full and fair opportunity to ask the
trial court any questions.

Peterson acknowledged at the hearing that
he knew that he had to register and that it was not a difficult thing to do.  He
explained the circumstances behind his failure to register, which included
being busy with his job, his depression, and his wife losing her job, and said
that although his failure to register was not intentional, he accepted
responsibility for failing to do it.  Peterson asked the trial court to put him
on community supervision, stating, “I’ve got good skills.  And I kind of
dropped the ball, and I won’t let it happen again.  I can do probation.  I just
wish that you’d give me the chance.  I’ve never had probation.”  Peterson
stated that he made the open plea because he knew that carelessness and
negligence were no excuses for his failure to discharge his legal responsibilities.

The trial court admitted the State’s
exhibits containing Peterson’s judgments of conviction for aggravated robbery,
robbery, theft, robbery with a dangerous weapon, and first-degree rape, and
Peterson answered questions about the facts and circumstances of these
offenses.

In April 2011, the trial court
sentenced Peterson to twenty-five years’ confinement after finding both
enhancement paragraphs true.

C.  Analysis

It is clear from the record that Peterson
was represented by his original counsel when the State took its original plea
offer of two years off the table and added enhancement allegations.  Further,
it is also clear that after he obtained new counsel, Peterson was properly warned
of the consequences of an open plea and well aware of the options before him when
he decided to make an open plea of guilty and to plead true to the enhancement
allegations.  And it is abundantly clear that Peterson made his plea choices
because he hoped that the trial court would grant him community supervision.  Therefore,
we cannot say, on this record, that Peterson received ineffective assistance of
counsel or that the trial court abused its discretion by denying his motion for
new trial.  See Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Niswanger,
335 S.W.3d at 614–15.  We overrule Peterson’s sole point.

IV.  Conclusion

Having overruled Peterson’s sole
point, we affirm the trial court’s judgment.

 

                                                                             PER
CURIAM

 

PANEL:  MCCOY, MEIER, and GABRIEL,
JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  May 17, 2012 









[1]See
Tex. R. App. P. 47.4.